

Doe v Bisignano

USDC- BALTIMORE
'25 AUG 27 PM 12:29

### Plaintiff's Motion to Proceed Under Pseudonym

The Plaintiff, Jane Doe ("I", "me", "my", "myself"), respectfully request that the court grant this motion to allow me to proceed under pseudonym, "Jane Doe".

I respectfully ask the court to grant this motion and move forward with the "Jane Doe" moniker on the following documents filed today.

1. Doe v Bisignano Civil Case Cover Sheet
2. APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS
3. Doe v Bisignano - Complaint for Employment Discrimination
4. Doe v Bisignano - III. E.  Complaint
5. Doe v Bisignano - APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COST
6. Doe v Bisignano - APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COST (Question 9)
7. Doe v Bisignano - V. Relief
8. SUMMONS IN A CIVIL ACTION, to Defendant Frank J. Bisignano
9. SUMMONS IN A CIVIL ACTION, to Defendant Linda Kerr-Davis
10. SUMMONS IN A CIVIL ACTION, to Defendant The United States Social Security Administration
11. SUMMONS IN A CIVIL ACTION, to U.S. Attorney General Pam Bondi
12. SUMMONS IN A CIVIL ACTION, to Defendant U.S. Attorney Kelly O. Hayes
13. EXHIBIT A – Complainant's Right to File A Civil Action (P0124)
14. Plaintiff's Motion to Seal
15. Plaintiff's Motion to Proceed Under Pseudonym

599 F.2d 707, 27 Fed. R. Serv. 2d 1047, 20 Empl. Prac. Dec. (CCH) 30,136, 20 Fair Empl. Prac. Cas. (BNA) 457, 1979 U.S. App. LEXIS 12827, Southern Methodist University Ass'n v. Wynne & Jaffe, established that plaintiffs in previous cases that had been granted anonymity were challenging government activity and the issues involved are matters of a sensitive and highly personal nature.

I expect this suit will invoke discussion of my and other's work and communications at The United States Social Security Administration, which involved U.S. beneficiaries' sensitive personal details that are protected by the Privacy Act of

**HD**

AR

Rcv'd by: _____

1

1974. It is in the interest of the public I once served that the details are not made publicly available.

The actions alleged in the complaint were not performed by one individual, but several Social Security employees, meeting the criteria for challenging the activity of the federal government.

In 653 F.2d 180, 32 Fed. R. Serv. 2d 59., Doe v. Stegall, the Eleventh Court reaffirmed this and recognized that the court should consider factors beyond the three aforementioned qualifications. Other cases have recognized privacy as a reason to seal and anonymize cases.

My complaint discloses my disability status and includes mention of medical testing, and I expect this suit will invoke discussion of my private medical records and treatments. Several cases and laws recognize the importance of maintaining medical privacy;  See Hardaway v. D.C. Hous. Auth., 843 F.3d 973, 980–81 (D.C. Cir. 2016); see also United States v. Kravetz, 706 F.3d 47, 63 (1st Cir. 2013). 42 U.S.C. § 1320d-2(d)(2); 45 C.F.R.

My experience with Social Security following my termination has already been fraught with apparent retaliation and administrative errors that I fear will worsen if the case records redacted with a pseudonym. My claim alleges misuse of position and misuse of government property, violations of 5 C.F.R. § 2635.702  and  5 C.F.R. § 2635.704. The False Claims Act of 1863 recognizes the Court's obligation to protect whistleblowers who report misuse of federal resources.

In light of these facts, I humbly ask the court to allow me to proceed as "Jane Doe."

J.D.

Jane Doe

August 27, 2025

2