Doe v Bisignano, et al
Case 1:25-cv-02813-SAG

<u>Plaintiff's Motion for Limited Expedited Discovery and Supplement to Reply to Motion to Dismiss</u>

1. Pursuant to Rules 26(d)(1), 30(a) and (b), and 45, The Plaintiff, Jane Doe ("I", "me", "my", "myself"), hereby submits the following Motion for Limited Expedited Discovery, and move, for leave to take limited, expedited discovery of the Defendants-- Social Security Administration, Bisignano, et al.—records regarding the return of Social Security Administration work equipment at the end of my tenure as a Social Security Administration employee.

## FACTUAL BACKGROUND

2. The requested discovery is narrowly crafted to address the issues raised in the Defendants' Motion to Dismiss.

3. Defendants allege lack of subject matter jurisdiction and write "To exhaust administrative remedies for a Rehabilitation Act claim, a federal employee must first contact the employing agency's EEO counselor within 45 days of the allegedly discriminatory or retaliatory incident for an initial informal counseling session." (See *Defendant's Revised Motion to Dismiss*).

4. While Defendants assert that I did not contact the EEO counselor within 45 days, they incorrectly state the last incident of discrimination as March 28th, 2024 (See *Defendant's Revised Motion to Dismiss*), in connection with the tardy arrival of key post-dismissal material, but fail to consider two things.

5. First, the time-sensitive documents did not arrive and was not intended to arrive until March 29th, 2024. Second, I also reported discrimination concerning the information John W Hurts provided regarding the return of equipment and I was not allowed to park as described in the instructions provided. *(see P.24 of III.E. Complaint of Employment Discrimination, Exhibit H of PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS)*

6. While Defendants assert that I did not contact the EEO counselor within 45 days, they incorrectly claim I did not contact the EEO counselor until June 6, 2024 (See *Defendant's Revised Motion to Dismiss*). I have submitted records proving I contacted the EEO counselor on May 27 of 2024 *(see Exhibit C of the PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS)*.

7. The Defendants possess the records proving the date, which falls within the 45-day period, of the discriminatory incident described in paragraph 5, but I do not.

## LEGAL ARGUMENT

1

Jane Doe

8. Pursuant to Federal Rule of Civil Procedure 26(d)(a), "[t]he court may, in the exercise of its broad discretion, alter the timing, sequence and volume of discovery" and this has been further established in a multitude of rulings, such as

    a. Qwest Commc'ns Int'l, Inc. v. WorldQuest Networks, Inc., 213 F.R.D. 418, 419 (D. Colo. 2003) ruled that a court may permit expedited discovery when justified by "good cause."

    b. In Pod-Ners, LLC v. N. Feed & Bean of Lucerne Liab. Co., 204 F.R.D. 675, 676 (D. Colo. 2002), the Court wrote, "Rule 26(d), Fed. R. Civ. P., allows me to order expedited discovery upon a showing of good cause. (citing Yokohama Tire Corp. v. Dealers Tire Supply, Inc., **202 F.R.D. 612, 614** (D.Ariz. 2001))"

    c. Hinkle v. City of Clarksburg, W.Va., 81 F.3d 416, 426 (4th Cir. 1996) ("District courts enjoy nearly unfettered discretion to control the timing and scope of discovery.")

    d. Dent v. Montgomery Cty. Police Dep't, 745 F. Supp. 2d 648, 663 (D. Md. 2010) established that "[d]istrict courts have broad discretion to manage the timing of discovery."

9. Courts grant expedited discovery when there is risk of "irreparable harm". See the following cases:

    a. Malon v. Franklin Fin. Corp., CIV A 3:14cv671, 2014 WL 5795730, at *3 (E.D. Va. Nov. 6 2014). ("When determining whether expedited discovery is appropriate, this Court has considered "the elements of a strong showing of merits and irreparable harm to the Plaintiff." Citing *ForceX*, 2011 WL 2560110, at *5")

    b. Asheboro Paper & Packaging, Inc. v. Dickinson, 599 F. Supp. 2d 664, 668 (M.D.N.C. 2009) ("a plaintiff must make a 'clear showing' of actual and immediate irreparable harm. Blackwelder, 550 F.2d at 195; citing Direx, 952 F.2d at 812"

    c. Ciena Corp. v. Jarrard, 203 F.3d 312, 324 (4th Cir. 2000)

    d. Dan River, Inc. v. Unitex Ltd., 624 F.2d 1216, 1220 (4th Cir. 1980)

10. The Defendants are requesting dismissal, which, if granted, would permanently prevent me from seeking remedy for discrimination faced.

11. As written in PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S REVISED MOTION TO DISMISS, "[i]n Citizens for Responsibility and Ethics in Washington (CREW) v. Defendants (D.D.C. 2025), the Court granted the Plaintiff the expedited discovery necessary to oppose the Defendant's motion for summary judgment. There is looming

Doe v Bisignano, et al
Case 1:25-cv-02813-SAG

> "irreparable injury" in the potential dismissal of the case. (See Notaro v.
> Koch, 95 F.R.D. 403 (S.D.N.Y. 1982)".

For the reasons above, I request targeted, expedited discovery "to capture "direct or indirect evidence" necessary to prove the disability claim (See Beloate v. Dejoy, citing Evans v. Coop. Response Ctr., Inc., 996 F.3d 539, 545 (8th Cir. 2021).)" (*See PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S REVISED MOTION TO DISMISS)*

I ask the Court to forgive any potential formatting errors in previous filings.

Pursuant to Judge Stephanie A. Gallagher's order issued January 21, 2026,

personal identifying information has been omitted or redacted in this filing.

Jane Doe

July 6, 2026

3

Jane Doe