# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| JANE DOE,<br><br>Plaintiff,<br><br>v.<br><br>FRANK J. BISIGNANO, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 26-00227-CV-W-LMC |

## ORDER

Pending before the Court is Defendants' Revised Motion to Dismiss (Doc. #45). For the reasons listed below, the motion is granted.

## I. BACKGROUND

On August 27, 2025, Jane Doe[1] filed her Complaint in the United States District Court for the District of Maryland. (Doc. #1.) The Complaint alleges the following claims: failure to accommodate under the Rehabilitation Act of 1972 (Count 1); violations of the Civil Service Reform Act of 1978 (Count 2); failure to accommodate under the Americans with Disabilities Act of 1990 (Count 3); violation of the Whistleblower Protection Act of 1989 (Count 4); misuse of position/public office for private gain in violation of 5 C.F.R. § 2635.702 (Count 5); misuse of government property in violation of 5 C.F.R. § 2635.704 (Count 6); unlawful employment practices in violation of Missouri Human Rights Act §§ 213.070 and 213.055 (Counts 7 and 8);

[1] Pursuant to Doc. #27, the Honorable Stephanie A. Gallagher of the United States District Court for the District of Maryland permitted Plaintiff to proceed under a pseudonym and to seal all personal identifying information.

and unlawful practices in violation of City of Kansas City, Missouri Ordinances §§ 38.103 and 38.111 (Counts 9 and 10). (Doc. #1-2.)

On December 26, 2025, Defendants filed a Motion to Dismiss, or in the Alternative Motion, for Summary Judgment. (Doc. #20.) Although not included in the title of the motion nor the request for relief, the motion alternatively requested that the matter be transferred to the United States District Court for the Western District of Missouri due to improper venue. (Doc. #20-1.) On March 18, 2026, the Honorable Stephanie A. Gallagher granted the motion to transfer finding that the Rehabilitation Act claim was subject to the Title VII venue provision. (Doc. #32.) The Court declined "to address the remainder of [Defendants'] arguments for dismissal, as they should be resolved in the transferee court." (Doc. #32 at 4.)

On April 21, 2026, Defendants requested a stay of this matter pending resolution of Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment. (Doc. #41.) Plaintiff opposed the motion. (Doc. #42.) The undersigned granted the motion to stay on May 7, 2026. (Doc. #44.) Additionally, the undersigned directed the parties to submit revised briefing[2] with precedent from the Eighth Circuit as the original briefing relied on case law from the Fourth Circuit. (Doc. #44.)

In compliance with the Court's order, the Defendants filed a revised motion. (Doc. #45.)

[2] Defendants argue that Plaintiff has failed to comply with the Local Rules regarding the length of suggestions and the inclusion of a table of contents. (Doc. #51 at 1.) The Court agrees that Plaintiff's Response in Opposition to Defendant's Revised Motion to Dismiss (Doc. #50) exceeds, by four pages, the directives of the Local Rules, and does not contain a table of contents. The Court recognizes that "pro se pleadings are to be construed liberally, pro se litigants are not excused from compliance with relevant rules of the procedural and substantive law." *Schooley v. Kennedy*, 712 F.2d 372, 373 (8th Cir. 1983). The Court notes, however, that while Plaintiff's brief exceeds the page limit by four pages, the formatting of her brief has left a considerable amount of unused space on each page. A point illustrated by the word count for each document - Plaintiff's response has 4,650 words, whereas Defendants' brief has slightly more at 4,678. Therefore, the Court will excuse compliance in this instance but reminds Plaintiff that compliance is required.

The Court notes that the revised motion to dismiss does not clearly indicate whether the motion is being brought under Rule 12(b)(1) or Rule 12(b)6) of the Federal Rules of Civil Procedure, although the Defendants do reference Rule 12(b)(1) in describing the legal standard. (Doc. #45 at 10.) The original motion, however, indicates that Defendants are requesting Counts 1through 6 be dismissed for failure to state a claim under Rule 12(b)(6) and Counts 7 through 10 be dismissed due to a lack of subject matter jurisdiction pursuant to Rule 12(b)(1). (Doc. #20-1 at 4.)

## II. LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) "challenges whether the district court has subject matter jurisdiction to hear the matter." *Johnson v. United States*, 534 F.3d 958, 964 (8th Cir. 2008). "In deciding a motion under Rule 12(b)(1), the district court must distinguish between a facial attack—where it looks only to the face of the pleadings—and a factual attack—where it may consider matters outside the pleadings." *Croyle by & through Croyle v. United States*, 908 F.3d 377, 380 (8th Cir. 2018). If a court treats the motion as a facial attack, the Rule 12(b)(6) standard is utilized, and the court looks only to the pleadings to determine the motion. *Cunningham v. Kahler*, 171 F.4th 1115, 1119 (8th Cir. 2026). If, however, the court treats the motion as a factual attack, "the court considers matters outside the pleadings, and the non-moving party does not have the benefit of Rule 12(b)(6) safeguards." *Carlsen v. GameStop, Inc.*, 833 F.3d 903, 908 (8th Cir. 2016) (internal quotation and citation omitted). That is because the "party invoking federal jurisdiction must prove jurisdictional facts by a preponderance of the evidence." *Moss v. United States*, 895 F.3d 1091, 1097 (8th Cir. 2018).

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the factual allegations contained in the complaint. Rule 8 of the Federal Rules of Civil Procedure requires that a claim for relief must contain "a short and plain statement of the

claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(1). The rule requires more than an "unadorned" complaint but requires less than "detailed factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). Thus, in order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007)). Courts ruling motions to dismiss a complaint for failure to state a claim, must "construe the complaint in the light most favorable to the nonmoving party." *Carton v. General Motor Acceptance Corp.*, 611 F.3d 451, 454 (8th Cir. 2010). Nevertheless, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal,* 556 U.S. at 678. Courts must read the complaint "as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009). *Pro se* complaints are to be liberally construed and to the extent that the claims are "discernible, the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Barnett v. Short*, 129 F.4th 534, 539 (8th Cir. 2025) (internation quotation and citation omitted).

Normally, in deciding a Rule 12(b)(6) motion "the court may consider the pleadings themselves, materials embraced by the pleadings, exhibits attached to the pleadings, and matters of public record." (internal quotation and citation omitted.) *Illig v. Union Elec. Co.*, 652 F.3d 971, 976 (8th Cir. 2011). If matters outside of the pleadings are considered, Rule12(d) provides that "the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). The Eighth Circuit, however, has found that courts reviewing a motion to dismiss may consider a "Final Agency Decision because it is embraced by the allegations in the complaint,

is a matter of public record, and its authenticity has not been questioned." *Johnson v. Perdue*, 862 F.3d 712, 715 (8th Cir. 2017).

## III. FACTS

Plaintiff's claims arise out of her time working for the Social Security Administration in Kansas City, Missouri. Plaintiff's Complaint alleges that she was hired at the beginning of 2023[3] and immediately informed the agency that she would need accommodations due to her disability. (Doc. #1-2 at 2.) Upon starting work, Plaintiff learned her accommodations were "not present" and she resubmitted her requests. (Doc. #1-2 at 2.) At some point Plaintiff requested additional accommodations, including a reserved handicap parking space in the federal lot. (Doc. #1-2 at 2.) At least one accommodation request was fulfilled in mid-2023, but Plaintiff's request for a reserved handicap parking space was "closed out." (Doc. #1-2 at 2-3.) In the fall of 2023, Plaintiff inquired about the rules regarding parking and informed the agency that a senior employee was regularly providing his parking space to his daughter, who was not yet an employee, for her to use. (Doc. #1-2 at 3.) Throughout late 2023 and early 2024, Plaintiff alleges she continued to work with the disability accommodation request process. (Doc. #1-2 at 3, 4.) Overtime was offered in late 2023, but Plaintiff was unable to participate in the opportunity because of the parking situation. (Doc. #1-2 at 3.) In early 2024, Plaintiff received notification that the National Reasonable Accommodation Coordinator had received communication from Plaintiff's manager that her request for a parking space should be denied. (Doc. #1-2 at 4.) Plaintiff alleges that she accepted alternative accommodations only because Plaintiff feared not having any accommodations at all. (Doc. #1-2 at 4.) Plaintiff alleges she was terminated in the spring of 2024; the Final Agency

[3] Plaintiff's Complaint fails to provide specific dates for her hiring and many of her other allegations.

Decision[4] (FAD) indicates that she was terminated on May 22, 2024. (Doc. #1-2 at 4; Doc. #20-2 at 3.) According to Plaintiff she received her termination documentation on March 29, 2024. (Doc. #1-2 at 4.) Attached to Plaintiff's Complaint is the Decision on Request for Reconsideration letter but the date of the letter has been redacted. (Doc. #1-4 at 2.) The FAD indicates that Plaintiff requested Equal Employment Opportunity (EEO) counseling on June 6, 2024.[5] (Doc. #20-2 at 2.)

## IV. DISCUSSION

Defendants argue that Counts 1, 2, and 4 should be dismissed for failure to exhaust administrative remedies. (Doc. #45 at 12-16.) Additionally, Defendants argue that Count 2 should be dismissed because Plaintiff was a probationary employee and is not eligible for the protections found in the CSRA. (Doc. #45 at 14-15.) Defendants argue that Count 3 should be dismissed because the ADA does not provide a remedy for federal workers. (Doc. #45 at 12.) With regards to Counts 5 and 6, Defendants argue those counts should be dismissed because the regulations do not provide a private right of action. (Doc. #45 at 16-17.) Finally, regarding Counts 7 through 10, Defendants argue that they are immune from suit because the Government has not waived its sovereign immunity for state and local anti-discrimination claims. (Doc. #45 at 17.) As discussed above, the revised motion does not clearly indicate whether the motion was being brough pursuant to Federal Rule of Civil Procedure 12(b)(1) or 12(b)(6). For reasons discussed more fully below, the Court will follow the original motion's request seeking relief pursuant to Rule 12(b)(6) for Claims 1 through 6, and Rule 12(b)(1) for claims 7 through 10.

---

[4] As discussed above, the Court may take into account the FAD, if it is embraced by the pleadings and no party questions its authenticity. *Johnson*, 862 F.3d at 715. No party has questioned the authenticity of the FAD and the Court finds that the FAD is embraced within the pleadings. Therefore, the Court will consider the FAD without converting the motion into a summary judgment pursuant to Federal Rule of Civil Procedure 12(d).

[5] Plaintiff disputes this date, arguing she first made contact with Kristin Hightower on May 27, 2024. (Doc. #50 at 7.)

A. Failure to State a Claim

*i. Causes of Action*

Defendants argue that a number of counts must be dismissed because either the statute does not provide a cause of action to Plaintiff in her classification as a federal employee or a probationary employee, or that the regulations do not provide a private right of action.

a. ADA

In Count 3, Plaintiff brings a failure to accommodate claim under the Americans with Disabilities Act of 1990. (Doc. 1-2 at 6.) Defendants argue that the ADA provisions do not apply to the federal government as an employer. (Doc. #45 at 12.) The ADA specifically excludes the United States as an employer under the Act. 42 U.S.C. § 12111(5)(B)(i); *Carroll v. Potter*, 163 F. App'x 450 (8th Cir. 2006). Therefore, federal employees are not provided protection under the ADA and as this District has previously found, "[c]ourts routinely dismiss ADA claims brought by federal employees." *McClanahan v. Sec'y of the Treasury*, No. 4:23-CV-00431-RK, 2026 WL 1068221, at *7 (W.D. Mo. Apr. 20, 2026) (collecting cases). Plaintiff cites numerous cases in support of her belief that her ADA claim should stand, yet none of those cases permit a federal employee to bring a claim under the ADA. *See e.g. Pritchard v. S. Co. Servs.*, 92 F.3d 1130 (11th Cir.); *Morisky v. Broward Cnty.*, 80 F.3d 445 (11th Cir. 1996); *Timmer v. City Univ. of New York*, No. 20CV02554PKCRLM, 2021 WL 3603465, at *16 (E.D.N.Y. Aug. 13, 2021). Thus, Count 3 is dismissed for failing to state a claim.

b. CSRA

In Count 2, Plaintiff alleges a violation of the Civil Service Reform Act of 1978 (CSRA). (Doc. #1-2 at 5.) Plaintiff alleges that she was denied reasonable accommodations when she was not provided a parking space and multiple employees who assisted in her training declined to

communicate with her in her requested method. (Doc. #1-2 at 5.) Additionally, she alleges she was terminated from her position. (Doc. #1-2 at 6.) Defendants argue that Plaintiff, a probationary employee, has limited rights pursuant to CSRA, none of which apply here. (Doc. #45 at 14-15.)

The CSRA provides a "a comprehensive system for reviewing personnel action taken against federal employees." *Elgin v. Dep't of Treasury*, 567 U.S. 1, 5, 132 S. Ct. 2126, 2130 (2012). Only certain employees are entitled to the protections afforded by the CSRA and only certain actions are reviewable. A probationary employee in either competitive service or excepted services is not considered an employee under the Act. 5 U.S.C. § 7511(a)(1)(A)(i) & (C)(i). "Probationary employees, however, have only limited rights of appeal to the Merit Systems Protection Board [MSPB]." *Swartz v. I.R.S.*, 884 F.2d 1128, 1129 (8th Cir. 1989). Plaintiff admits to being a probationary employee. (Doc. #50 at 14.) Furthermore, Plaintiff has not alleged any of the bases that would entitle her to appeal the decision to the MSPB. *See* 5 C.F.R. §315.806 (the regulation in effect at the time of her termination). Therefore, as a probationary employee, Plaintiff is not afforded the protection of the CSRA. Count 2 is therefore dismissed.

c. Ethics Claims

Counts 5 and 6 bring claims under the federal ethics regulations. (Doc. #1-2 at 7.) Count 5 alleges a claim pursuant to 5 C.F.R. § 2635.702, and Count 6 alleges a claim pursuant to 5 C.F.R. § 2635.704. *Id.* Both counts allege that a senior employee had misused his position by allowing his daughter to park in the federal lot. *Id.* The regulations clearly indicate that a "violation of this part or of supplemental agency regulations, as such, does not create any right or benefit, substantive or procedural, enforceable at law by any person against the United States, its agencies, its officers or employees, or any other person." 5 C.F.R. §2635.106(c); *see also Kubin v. Abode Servs. Agency*, No. 18-CV-00658-MEJ, 2018 WL 776355, at *4 (N.D. Cal. Feb. 8, 2018) (finding that "there is

no private right of action to enforce or obtain relief for any violation of these ethical standards.") Plaintiff attempts to preserve these claims by referencing the Equal Protection Clause and 42 U.S.C. § 1983, however there are no claims made in her complaint under either the Equal Protection Clause or 42 U.S.C. § 1983. Furthermore, neither provision bestows a private right of action under the government ethics regulations. Therefore, Counts 5 and 6 fail to state a claim and are dismissed.

*ii. Exhaustion of Administrative Remedies*

Defendants argue that a number of claims must be dismissed for failing to exhaust administrative remedies. Specifically, Defendants argue that Plaintiff's Rehabilitation Act claim (Count 1) is barred because she failed to timely seek EEO counseling. (Doc. #45 at 13.) With regard to Plaintiff's CSRA claim (Count 2), Defendants argue that Plaintiff failed to file an appeal to the Merit Systems Protection Board (MSPB). (Doc. #45 at 14-15.) Finally, Defendants argue that Plaintiff did not bring her Whistleblower Protection Act (WPA) claim (Count 4) before the Office of Special Counsel or the MPSB. (Doc. #45 at 15.)

Courts have treated exhaustion of remedies as either a jurisdictional prerequisite or a condition precedent to suit. See e.g. *Ballard v. Rubin*, 284 F.3d 957, 964 (8th Cir. 2002) (finding that a failure to exhaust administrative remedies under the Rehabilitation Act is not a jurisdictional prerequisite and is subject to waiver, estoppel, and equitable tolling); *Mohr v. Dustrol, Inc.*, 306 F.3d 636, 643 (8th Cir. 2002), abrogated on other grounds by *Desert Palace, Inc. v. Costa*, 539 U.S. 90, 123 S. Ct. 2148 (2003)(finding Title VII's exhaustion requirement was jurisdictional, a finding now at odds with the Supreme Court's decision in *Fort Bend Cnty., Texas v. Davis*, 587 U.S. 541, discussed below); *Bartlett v. U.S. Dep't of Agric.*, 716 F.3d 464, 472 (8th Cir. 2013) (finding that a failure to exhaust administrative remedies under 7 U.S.C. § 6912(e) is not

jurisdictional); *Harlston v. Off. of Pers. Mgmt.*, 417 F. App'x 596 (8th Cir. 2011) (finding a failure to exhaust administrative remedies before the Office of Personnel Management and MSPB was jurisdictional). The Supreme Court, however, has recently stated that an exhaustion requirement "is a quintessential claim-processing rule." *Santos-Zacaria v. Garland*, 598 U.S. 411, 417, 143 S. Ct. 1103, 1112 (2023). As such, "[e]xhaustion is typically nonjurisdictional[,]" . . . unless Congress "clearly states" that it is. *Id.* at 416-417. Absent a clear statement, "courts should treat the restriction as nonjurisdictional in character. *Fort Bend Cnty., Texas v. Davis*, 587 U.S. 541, 550, 139 S. Ct. 1843, 1850 (2019) (finding that Title VII's exhaustion requirement is nonjurisdictional.) The Rehabilitation Act incorporates Title VII's exhaustion of administrative remedies provision. *Gardner v. Morris*, 752 F.2d 1271, 1278 (8th Cir. 1985). Therefore, in light of the Supreme Court's decision in *Fort Bend Cnty., Texas*, the Court finds that the exhaustion requirement in relation to a claim under the Rehabilitation Act is nonjurisdictional. A review of the exhaustion requirements for the CSRA does not show a clear jurisdictional requirement and the Supreme Court has found that the time requirements found in 5 U.S.C. § 7703(a)(1) are nonjurisdictional. *Harrow v. Dep't of Def.*, 601 U.S. 480, 483, 144 S. Ct. 1178, 1182 (2024). Finally, The WPA's exhaustion requirement does not contain any language that would lead this Court to believe it is a jurisdictional requirement. 5 U.S.C. § 1214. Therefore, the Court will also treat both the CSRA and WPA exhaustion requirements as nonjurisdictional.

a. Rehabilitation Act Claim

"A federal employee alleging discrimination and retaliation prohibited by Title VII and the Rehabilitation Act 'must initiate contact with [an EEO] Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action.'" *Knispel v. Haaland*, No. 3:21-CV-03015-RAL, 2025 WL 306426,

at *9 (D.S.D. Jan. 27, 2025) (quoting 29 C.F.R. § 1614.105(1)(1)). The employee is required to exhaust administrative remedies prior to bringing suit. *Morgan v. U.S. Postal Serv*., 798 F.2d 1162, 1165 (8th Cir. 1986). Failure to exhaust administrative remedies is fatal to a Plaintiff's claim under the Rehabilitation Act. *McAlister v. Sec'y of Dep't of Health & Hum. Servs.*, 900 F.2d 157, 158 (8th Cir. 1990).

According to the FAD, Plaintiff's EEO complaint alleged that:

> she was subjected to discrimination when the Agency failed to provide her a reasonable accommodation from May 2023 to March 22, 2024; when she was terminated from her position on March 22, 2024; and when she received her termination package on March 28, 2024, which Complainant asserts included incorrect information about her insurance benefits following termination.

(Doc. #20-2 at 3-4.) The agency concluded that "based on Complainant's formal complaint, the last day she was subjected to the alleged discrimination was on March 28, 2024." (Doc. #20-2 at 4.) Plaintiff, however, did not seek EEO counseling until June 6, 2024. (Doc. #20-2 at 2.)

Plaintiff argues that the last incident of discrimination occurred on March 29, 2024, when she was denied parking in the federal lot to return items following her termination. (Doc. #50 at 7.) She also indicates that she initiated contact on May 27, 2024, by contacting a manager with Civil Rights and Equal Opportunity office and references evidence submitted of a phone call record to an unidentified phone number. (Doc. #50 at 7; Doc. #29-3.) The Court need not determine whether to consider such evidence, even if the evidence is considered the first contact would be untimely. Assuming without deciding that the last date of discrimination was March 29, 2024, as urged by Plaintiff, the 45-day deadline to initiate contact with an EEO counselor would have been May 13, 2024. Therefore, assuming, again without deciding, contact was made on May 27, 2024,

that contact is two weeks late.[6]

Plaintiff urges this Court to find that waiver, estoppel, or equitable tolling permits the Court to find that the deadline in this matter irrelevant. (Doc. #50 at 8.) Plaintiff does not explain why the Court should so hold and instead merely cites *Disability Support All. v. Heartwood Enters., LLC*, 885 F.3d 543, 547 (8th Cir. 2018), for the proposition that dismissal "is inappropriate when the claim is 'so bound up with the merits that a full trial on the merits may be necessary to resolve the issue.'" (Doc. #50 at 8.) The Court in *Heartwood Enters., LLC*, was discussing standing and motions brought under Federal Rule of Civil Procedure 12(b)(1). The argument here is whether Plaintiff's allegation in Count 1 fails to state a claim under Federal Rule of Civil Procedure 12(b)(6). Furthermore, *Heartwood Enters., LLC* was not discussing waiver, estoppel, or equitable tolling and Plaintiff has failed to show how any of the doctrines apply to this matter. The Court sees no basis for finding waiver, estoppel, or equitable tolling and therefore declines Plaintiff's request.

Therefore, Plaintiff's Rehabilitation Act claim (Count 1) is dismissed for failing to exhaust administrative remedies.

b. CSRA

Although this Court has already found that Plaintiff's CSRA action must be dismissed because as a probationary employee Plaintiff does not fall under the provisions of the CSRA, the Court will address Defendants' argument that Plaintiff failed to exhaust administrative remedies. (Doc. #45 at 14.) This discussion also touches upon Defendants' argument that this Court does not have jurisdiction to hear the CSRA claim pursuant to 5 U.S.C. § 7703. (Doc. #45 at 14.)

[6] Plaintiff has requested discovery regarding this matter. (Doc. ## 50 at 8, #52 and #53.) The court denies the requests as the record is clear, and even if the Court were to credit Plaintiff's claims, the initiation of EEO counseling was untimely.

Generally, under the CSRA an individual must first take her claim to the MSPB. *Elgin*, 567 U.S. at 11. Upon receiving an adverse decision from the MSPB, the individual may seek judicial review but must file in the United States Court of Appeals for the Federal Circuit. 5 U.S.C. § 7703; *see also* 28 U.S.C. § 1295(a)(9) (stating that the "Unites States Court of Appeals for the Federal Circuit shall have exclusive jurisdiction . . . of an appeal from a final order or final decision of the [MSPB], pursuant to section 7703(b)(1) and 7703(d) of title 5.") That general framework, however, is altered in a mixed case. As the Supreme Court has stated, "[w]hen an employee complains of a personnel action serious enough to appeal to the MSPB and alleges that the action was based on discrimination, she is said (by pertinent regulation) to have brought a 'mixed case.'" *Perry v. Merit Sys. Prot. Bd.*, 582 U.S. 420, 424, 137 S. Ct. 1975, 1980 (2017).

In her responsive brief, Plaintiff argues that the clear language of the statute and the regulations make it clear that had she "submitted an appeal through the [MSPB], it would have fallen out of its purview." (Doc. #50 at 12.) Plaintiff goes on to essentially argue that because this matter was a mixed case she had a choice and decided to file her complaint with the EEOC pursuant to 29 C.F.R. §1614.302(b) and 5 C.F.R. § 315.806(d). (Doc. #50 at 13.) Defendants have not directly addressed Plaintiff's claim of a mixed case.

The Court was not provided with Plaintiff's formal complaint of discrimination, and it is therefore unclear whether the complaint clearly indicated that the matter was a mixed case pursuant to 20 C.F.R. § 1614.302(b). The Court notes, however, that the FAD does not contain the language required by the regulations for a mixed case complaint. *See* 20 C.F.R. § 1614.302(d). Nevertheless, assuming, for argument's sake, that Plaintiff did file a mixed case complaint, she had multiple paths to take. As the Supreme Court stated, a federal employee bringing a mixed case may

> first file a discrimination complaint with the agency itself, much as an employee challenging a personnel practice not appealable to the MSPB could do. *See* 5 CFR § 1201.154(a); 29 CFR § 1614.302(b). If the agency decides against her, the employee may then either take the matter to the MSPB or bypass further administrative review by suing the agency in district court. *See* 5 CFR § 1201.154(b); 29 CFR § 1614.302(d)(1)(i). Alternatively, the employee may initiate the process by bringing her case directly to the MSPB, forgoing the agency's own system for evaluating discrimination charges. *See* 5 CFR § 1201.154(a); 29 CFR § 1614.302(b). If the MSPB upholds the personnel action (whether in the first instance or after the agency has done so), the employee again has a choice: She may request additional administrative process, this time with the EEOC, or else she may seek judicial review. *See* 5 U.S.C. §§ 7702(a)(3), (b); 5 CFR § 1201.161; 29 CFR § 1614.303.

*Kloeckner v. Solis*, 568 U.S. 41, 45, 133 S. Ct. 596, 601 (2012). Therefore, had Plaintiff filed a mixed case complaint, appeal to this court would be proper. Nevertheless, as with her Rehabilitation claim, Plaintiff was required to administratively exhaust her mixed case. As discussed above, Plaintiff's formal EEO complaint was not timely filed. Therefore, even if Plaintiff's formal EEO complaint included a claim for a mixed case, the Court finds that Plaintiff failed to timely exhaust administrative remedies of her mixed case and Count 2 is thus subject to dismissal on this ground as well.

c. Whistleblower Protection Act

In Count 4 Plaintiff brings a claim under the Whistleblower Protection Act of 1989, alleging retaliation when she was terminated, she was provided incorrect information regarding work-related items and health insurance, and her termination documents were provided in an untimely manner after she reported "potential government illegality and mismanagement regarding the misuse of parking spaces[.]" (Doc. #1-2 at 6.) Defendants argue that Plaintiff failed to exhaust her administrative remedies. (Doc. #45 at 15.)

"The WPA prohibits taking, failing to take, or threatening to take personnel action against an employee because of any disclosure of information that the employee reasonably believes is

evidence of, inter alia, a violation of the law or a substantial and specific danger to public health or safety." *Alexander v. Catano*, No. 5:23-CV-5193, 2025 WL 1505432, at *8 (W.D. Ark. May 27, 2025). An employee must first bring a claim under the WPA to the Office of Special Counsel (OSC), with a right to appeal to the MSPB. *Eley v. Dep't of Veterans Affs.*, No. CIV. 10-4380 JNE/TNL, 2012 WL 948558, at *4 (D. Minn. Feb. 27, 2012), report and recommendation adopted, No. 10-CV-4380 JNE/TNL, 2012 WL 948510 (D. Minn. Mar. 20, 2012). As recognized by the Eighth Circuit, the WPA is incorporated into the CSRA, and the CSRA is the exclusive remedy for violations of the WPA. *Weber v. Named Fed. Offs.*, 68 F.3d 479 (8th Cir. 1995).

In her response, Plaintiff states that she was "precluded from engaging in . . . both the OSC and EEOC process though my WPA allegations are connected to the allegations of disability discrimination." (Doc. #50 at 15.) She further requests that she "not be penalized for following guidelines and declining to waste federal resources." (Doc. #50 at 15.)

The allegations contained in Count 4 do not discuss Plaintiff's claims for disability discrimination, and instead relate to her report regarding misuse of parking spaces. (Doc. #1-2 at 6.) As such her claim should have been brought before the OSC and Plaintiff has failed to exhaust her administrative remedies. Therefore, Court 4 is dismissed.

B. Subject Matter Jurisdiction

Counts 7 through 10 bring claims pursuant to state and local law. Count 7 and 8 bring claims under the Missouri Human Rights Act. Counts 9 and 10 bring claims under Kansas City, Missouri ordinances regarding discriminatory practices. Defendants argue that Counts 7 through 10 should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1). The Court treats the request as a facial attack. *See* Legal Standard, above. The United States, including agencies of the United States, are entitled to sovereign immunity from suit unless Congress has created a

waiver of sovereign immunity. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475, 114 S. Ct. 996, 1000 (1994). Absent a waiver of sovereign immunity, a court has no jurisdiction to hear a suit against the United States. *United States v. Miller*, 604 U.S. 518, 527, 145 S. Ct. 839, 849 (2025). The United States' claim of immunity "does not turn on" whether or not the conduct alleged violated the law, but instead on whether Congress provided a waiver of the Government's sovereign immunity. *Geo Grp., Inc. v. Menocal*, 607 U.S. 438, 445, 146 S. Ct. 774, 782 (2026). Plaintiff cites several mechanisms in which individuals may sue the Federal Government, none of which apply in this matter. *See e.g. Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 122 S. Ct. 515, 516 (2001) (finding that "*Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, 91 S.Ct. 1999 (1971) . . . [provides an] implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights."); *Brown v. United States*, 151 F.3d 800, 803 (8th Cir. 1998) (finding that the "FTCA represents the federal government's waiver of sovereign immunity as to claims for money damages for injuries caused by the torts of government employees acting within the scope of their employment 'under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.'") Plaintiff has failed to point to a specific waiver of sovereign immunity and the Court notes that the Rehabilitation Act of 1973 is "the exclusive remedy for a federal employee who alleges disability-based discrimination." *Kiddey v. Transportation Sec. Admin.*, 715 F. Supp. 3d 1129, 1132 (S.D. Iowa 2024); *see cf. Mathis v. Henderson*, 243 F.3d 446, 449 (8th Cir. 2001) (finding FTCA certified claims would have been preempted by Title VII). Therefore, Counts 7 through 10 are dismissed.

## V. <u>CONCLUSION</u>

Based on the foregoing, it is

ORDERED that Plaintiff's Motion for Limited Expedited Discovery and Supplement to Reply to Motion to Dismiss (Doc. ## 52 and 53) are DENIED. It is further

ORDERED that Defendants' Revised Motion to Dismiss (Doc. #45) is GRANTED.

*/s/ Lajuana M. Counts*
LAJUANA M. COUNTS
UNITED STATES MAGISTRATE JUDGE